**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Louis Joseph Marion Marvin IVES,
Defendant-Appellant.**

No. 77–2961.

United States Court of Appeals,
Ninth Circuit.

May 10, 1978.

Robert S. Linnell, Asst. U. S. Atty. (argued), Spokane, Wash., for plaintiff-appellee.

Before ELY and CHOY, Circuit Judges, and HALL,* District Judge.

CHOY, Circuit Judge:

Louis Joseph Marion Marvin Ives appeals his conviction for murder on an Indian reservation in violation of 18 U.S.C. §§ 1111 and 1153. We reverse.

## I

Ives' appeal is before us for the third time. We first affirmed his conviction in *United States v. Ives*, 504 F.2d 935 (9th Cir. 1974) (*Ives I*). The Supreme Court granted certiorari, 421 U.S. 944, 95 S.Ct. 1671, 44 L.Ed.2d 97 (1975), and vacated and remanded to us for further consideration in light of *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). In *United States v. Ives*, 547 F.2d 1100 (9th Cir. 1976) (*Ives II*), cert. denied, 429 U.S. 1103, 97 S.Ct. 1130, 51 L.Ed.2d 554 (1977), this Court reinstated parts I, III and IV of its original decision, vacated part II and remanded to the district court for further proceedings pertaining to the competency issues contained in part II in light of both *Drope* and *de Kaplany v. Enomoto*, 540 F.2d 975 (9th Cir. 1976) (en banc), cert. denied, 429 U.S. 1075, 97 S.Ct. 815, 50 L.Ed.2d 793 (1977).

The district court, in an unpublished memorandum opinion dated August 2, 1977, held that at the time of trial no genuine or bona fide doubt was raised as to Ives' competency and therefore no evidentiary hearing was required. This decision, rendered by a new judge following the death of the original trial judge, was based on a review of trial records and files.

Mark E. Vovos (argued), Spokane, Wash., for defendant-appellant.

* The Honorable Peirson M. Hall, Senior United States District Judge for the Central District of California, sitting by designation.

The facts relating to the issue of Ives' competency to stand trial, listed chronologically, are as follows:

*March 29, 1971:* Ives is indicted for first degree murder.

*September 7, 1971:* Following a court-ordered examination pursuant to 18 U.S.C. § 4244, Ives is found incompetent to stand trial and committed to the Federal Correction Center at Springfield, Missouri.

*January 27, 1972:* Following a hearing, Ives is determined to be competent.

*February 23, 1972:* First trial begins.

*March 1, 1972:* Mistrial is declared; after a hearing, Ives is judged incompetent and recommitted to Springfield.

*August 10, 1972:* District court finds Ives competent to stand trial on prosecutor's *ex parte* application based on certification by Springfield psychiatric staff in June 1972.

*November 6, 1972:* Second jury trial begins.

*November 15, 1972:* Ives' counsel moves for psychiatric examination pursuant to § 4244, offering the testimony of two psychiatrists; motion is denied.

A guilty verdict was returned on November 17, 1972. We reverse for failure to permit testimony on the issue of Ives' competency during the second trial.[1]

## II

*Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), held that the trial court is responsible for insuring that a defendant is not subjected to trial if his mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in the preparation of his defense. This responsibility continues throughout the trial. Thus, "[e]ven when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change" in his competency. *Id.* at 181, 95 S.Ct. at 908. Further inquiry is required whenever there is information available to the court which raises sufficient doubt regarding a defendant's competency to stand trial. *Id. Drope* does not strictly delimit the kind or quantum of evidence necessitating a hearing; rather, "sufficient doubt" may be predicated on any relevant evidence, including evidence of a defendant's irrational behavior, his demeanor at trial, or medical opinion, either taken alone or considered together. *Id.* at 180, 95 S.Ct. 896.

■ In *de Kaplany v. Enomoto,* 540 F.2d 975, 977–85 (9th Cir. 1976) (en banc), *cert. denied,* 429 U.S. 1075, 97 S.Ct. 815, 50 L.Ed.2d 793 (1977), the nature of evidence which may raise "sufficient doubt" was further considered. We held that a hearing is required *sua sponte* whenever the trial judge doubts the defendant's competency to stand trial based on the evaluation of all available pertinent evidence. *de Kaplany* stressed comprehensive evaluation of all such information. Thus, a defendant's bizarre actions or statements, or counsel's statement that the defendant is incapable of cooperating in his own defense, or even psychiatric testimony *need not alone* raise sufficient doubt.

Both *Drope* and *de Kaplany* involved state court proceedings where the failure of the trial judge to grant a hearing in light of the available evidence was challenged as violative of the defendant's due process rights. In the present case, the question of Ives' competency to stand trial was raised by motions made pursuant to 18 U.S.C. § 4244.[2]

---

1. In light of our result, Ives' motions dated January 3, 1978 for subpoena of records and to dismiss his counsel are not considered.

2. 18 U.S.C. § 4244 provides in part:
   Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that

   a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense,

■ Under the decisions of this Circuit, an initial § 4244 motion gives the moving party a right to a mandatory psychiatric examination of the defendant. It is not within the discretion of the trial court to deny the examination on the ground that there is no reasonable cause to believe the defendant incompetent. *Meador v. United States*, 332 F.2d 935, 937–38 (9th Cir. 1964). But the trial court may in its discretion refuse to order a psychiatric examination or to hold a hearing on a subsequent § 4244 motion. *United States v. Cook*, 418 F.2d 321, 324 (9th Cir. 1969).

■ *Drope* did not invalidate *Cook. United States v. Bodey*, 547 F.2d 1383, 1386–87 (9th Cir.), *cert. denied*, 431 U.S. 932, 97 S.Ct. 2639, 53 L.Ed.2d 249 (1977). In the context of a second § 4244 motion, *Drope* and *de Kaplany* elucidate the approach to be followed by a federal trial judge in dealing with the question of a defendant's present competency thus raised.

Counsel's belief that the defendant is incapable of cooperating in his own defense, as demonstrated by the motion itself, and the offer of competent proof thereof, are factors which the trial judge must evaluate in determining whether there is sufficient doubt to require a hearing. But pursuant to *Cook*, the decision to hold an evidentiary hearing on a subsequent § 4244 motion rests in the sound discretion of the trial judge. Absent abuse of that discretion, the determination will not be overturned. *Bodey*, 547 F.2d at 1387; *Cook*, 418 F.2d at 324.[3]

## III

■ Applying the principles enunciated above to the facts of this case, we conclude that the trial court abused its discretion in denying appellant's motion for a subsequent § 4244 psychiatric examination without permitting the proffered testimony of two psychiatrists and a deputy U.S. marshal.[4] The refusal to accept this evidence under the

he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto.

3. *de Kaplany*, 540 F.2d at 983, held that under *Drope* and *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), appellate review of a failure to provide any hearing on a defendant's competence to stand trial is "comprehensive and not limited by either the abuse of discretion or clearly erroneous standard." *de Kaplany*, as well as *Drope* and *Pate*, involved state court proceedings where there was no statutory procedure for the defendant to force a judicial determination of competency. In these cases, the sole hearing requirement

inhered in the due process obligation imposed upon the trial judge to decide on his own motion whether inquiry into the defendant's competency is required. None of these cases involved the issue of the defendant's right to successive hearings on competency.

In the federal courts, however, an initial motion pursuant to 18 U.S.C. § 4244 results in the mandatory psychiatric examination of the defendant. The trial court in these situations is thus necessarily confronted with the issue of competency and required to make a finding thereon. The abuse of discretion standard for review of a district court's denial of a subsequent § 4244 motion thus applies only after there has already been one psychiatric examination of the defendant and judicial determination of his competency.

4. MR. VOVOS: Judge, at this time I make the motion for an order for a psychiatric examination and testing of Mr. Ives to determine his competency now to stand trial, pursuant to 18 United States Code 4244. I have the provision here, and I am sure the Court—

THE COURT: Well I am familiar with the provision, and the order by Judge Powell committing him for that very purpose was previously entered in this case, and he was committed for that purpose, and the examination at Springfield indicated that he was capable of assisting in his defense, and that is why we are trying the case. And I am not going to make another order concerning another examination at this time.

particular circumstances of this case was clearly outside the standards set by *Drope* and *de Kaplany*, which require evaluation of all available pertinent information as a basis for establishing whether doubt of the defendant's competency is sufficient to warrant a hearing.

The trial court's refusal to consider evidence of a possible change in Ives' ability to stand trial during the five months since his last psychiatric examination, when there had been four alternating determinations of competency and incompetency in less than a year, amounted to a violation of his due process rights. At the time the § 4244 motion was made, eight months had elapsed since Ives' first trial ended upon a finding that he was incompetent, and five months had elapsed since he was found competent by Government psychiatrists. New evidence of incompetency offered by counsel should at least have been considered.

MR. VOVOS: Well Judge, I would like to point out for the record, however, that the last report which I had, which the United States District Attorney has given me was dated in June of 1972.

THE COURT: I understand—

MR. VOVOS: This is in November, and I would like to point out to the Court if I could, I know I am not under oath, but I can present testimony as to the activities of Mr. Ives this morning. Now Mr. Hancock and I went to the jail, and he did, as the Court indicated, had to be forcibly dressed. During that time there were accusations on the part of myself conspiring with the government, on behalf of Mr. Hancock conspiring with the government, the man has consistently throughout this trial refused to divulge any facts to Mr. Hancock or myself concerning any defense he would have, he has refused to cooperate with us in any way—

\* \* \* \* \* \*

THE COURT: All right, Mr. Vovos, before you proceed let me advise you of this. At the previous trial his activities, as I read the transcript, are of the same character, disruptive, refusal to cooperate, et cetera, and he was examined on that occasion for that very purpose. Now how many psychiatrists have examined this man?

MR. VOVOS: There have been a number, I think about eight or nine, I don't know for sure.

THE COURT: All right. Now we could go on ad infinitum with psychiatric examinations, and I don't propose to do that, so your motion for psychiatric examination at this time to determine his competency to continue, as I put it, to assist in his defense is denied. All right.

\* \* \* \* \* \*

MR. VOVOS: We would like to put on testimony now, Judge. We had a psychiatrist look at him again last night, I think that the testimony of the Marshals should—

THE COURT: No, I am not going to hear it.

MR. VOVOS: —or would open the eyes of the Court a little bit as to the circumstances that exist at this present time, not back in June of 1972.

THE COURT: Well we have lots of psychiatric testimony that is going to be presented here, and it is conflicting, as I understand it, concerning the defendant, and let the jury hear it.

MR. VOVOS: But the question of his competency to stand trial is not a question for the jury, it is a question for the Court, I think.

THE COURT: That has already been determined and adjudicated, as I understand it. You may not agree with it, you see, but—

MR. VOVOS: Well Judge, he hasn't been adjudicated competent to stand trial, there is just the medical report, there has been no court proceeding. The last court proceeding Judge Powell found him not capable of standing trial, and sent him back to Springfield. Now he is back here.

\* \* \* \* \* \*

[AFTERNOON SESSION]

MR. VOVOS: Well, I would like to renew my motion again, because I think there are significant facts before the Court as to raise the issue and the question as to whether or not he is competent. As a further offer in this regard I have two psychiatrists here who will testify that he is not competent to stand trial at this time, and—

THE COURT: All right, but I still say it is a question for the Court and not for the jury.

MR. VOVOS: Well may I present evidence on that fact?

THE COURT: No, because it is not for the jury.

MR. VOVOS: Well may I present it for the Court, this is what I am saying, this is what I am asking.

THE COURT: Well I thought that determination had been previously made.

MR. VOVOS: Well I think there is a significant question as to his capacity to stand trial now at this time, and I am prepared to offer into evidence the testimony of two psychiatrists that he is not capable of standing trial, and is not competent to stand trial at this time.

\* \* \* \* \* \*

THE COURT: Well I have already ruled.

MR. VOVOS: That determination was made, and the last report we have is in June of this year.

THE COURT: Well we could make it from day to day, Counsel, and just keep going over and over the situation, and I just don't propose to do it again.

While a trial judge has discretion to deny a subsequent § 4244 motion because there is not sufficient doubt based on all available pertinent evidence, given the frequent fluctuations in Ives' competency to stand trial, the court's refusal to consider evidence of another possible change constituted an abuse of that discretion.

### IV

 The trial court's failure to receive the proffered testimony cannot now be redressed by a new hearing on the issue of Ives' competency in 1972. There has been a six-year lapse since trial. The judges in both of Ives' previous trials are dead. In addition, there is no psychiatric evidence of Ives' competency in November 1972; he was determined competent at that time based on a June 1972 report, and the testimony of the psychiatrists at trial was aimed at establishing sanity at the time the offense was committed. The circumstances surrounding the case do not permit a fair retrospective determination of the defendant's competency at the time of trial. *See Drope v. Missouri,* 420 U.S. at 183, 95 S.Ct. 896; *de Kaplany v. Enomoto,* 540 F.2d at 986 n.11. Hence, Ives is entitled to a new trial.

REVERSED.