UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard L. CLARK, Defendant-Appellant.

No. 79–1287.

United States Court of Appeals,
Ninth Circuit.

April 17, 1980.

Kenneth C. Cory, Federal Public Defender, Las Vegas, Nev., for defendant-appellant.

Samuel Coon, Asst. U. S. Atty., Reno, Nev., argued, Leland E. Lutfy, Ruth L. Cohen, Asst. U. S. Attys., Reno, Nev., on brief, for plaintiff-appellee.

Before BROWNING, Chief Judge, TANG, Circuit Judge, and HOFFMAN *, District Judge.

HOFFMAN, District Judge:

In an indictment filed on March 6, 1975, appellant Clark was charged with bank robbery of a Las Vegas, Nevada bank in violation of 18 U.S.C. § 2113(a). Initially, there was a delay as appellant had indicated his desire to plead guilty under Rule 20 in Arizona where he voluntarily surrendered himself, but the district court in Arizona returned the case to the District of Nevada by order filed on June 6, 1975. Appellant's competence to stand trial was then questioned, and the district court ordered that he submit to a psychiatric examination. Two local psychiatrists thereafter examined appellant—one on August 26, 1975 and one on September 24, 1975—after which a competency hearing was held pursuant to 18 U.S.C. § 4244 before a United States Magistrate. At the hearing both psychiatrists who had examined appellant rendered opinions that he was incompetent to stand trial, but one of the psychiatrists also indicated that he believed appellant's competence would be restored within a reasonable time. On October 24, 1975, the district court, approving the report and recommendation of the Magistrate, entered an order that appellant be committed, under 18 U.S.C. § 4246, to the government's medical facility at Springfield, Missouri, until he became mentally competent.

On November 10, 1975 (or perhaps November 7, 1975), appellant was examined by two government psychiatrists, who found him competent to stand trial. Thereafter, his records were reviewed and he was interviewed by a team of eleven members of the psychiatric staff. On December 8th, the court received a report from Springfield indicating that appellant was competent. Accordingly, appellant was returned from Springfield and arraigned on February 6, 1976, before a United States Magistrate and, represented by an Assistant Public Defender, entered a plea of not guilty.

At the arraignment the Magistrate inquired as to appellant's memory of pertinent facts and his ability to assist in his defense.[1] After being assured by defense counsel that there was no question as to appellant's competency to stand trial, the court set the matter for trial. No additional competency hearing was held, and no formal order declaring appellant competent to stand trial was entered.

Appellant's trial commenced March 15, 1976. At trial appellant's counsel argued that Clark was insane when he committed the offense.[2] Counsel did not, however, request an additional competency hearing.

---

* The Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

1. The exchange between the Magistrate and appellant's counsel, after first reviewing appellant's prior commitment, went as follows:
    THE COURT: Very well, then, Mr. Harris, do you know of any reason or is there any question as to the defendant's competency?
    MR. HARRIS: No, there isn't, Your Honor.
    THE COURT: And, is there any reason to suspect or believe that his memory may be impaired to any degree?
    MR. HARRIS: No.
    THE COURT: All right. Now, in discussing with the defendant the facts pertinent to the offense charged, does it appear to you that he has a clear memory of those pertinent facts?
    MR. HARRIS: Yes, Your Honor.

2. In a colloquy between the court and counsel as to possible admissibility of a statement made by appellant to an F.B.I. agent in February, 1975, after appellant voluntarily surrendered himself, defense counsel stated as follows:
    "Mr. Cory [appellant's counsel]: It is our position, Your Honor, that the defendant, of course, was insane at the time—
    "The Court: At the time he made the statement?
    "Mr. Cory: —from before the date of the offense to the present day." (T. 5, 6, Vol. III) We do not construe the foregoing statement as an indication that appellant was insane at the time of the trial, especially in light of the statements of defense counsel made approximately five weeks prior thereto at the arraignment and the fact that counsel had examined the report to the court from the Springfield facility. Assuredly, the statement by defense counsel could

During the course of the proceedings, the court declared that the evidence dealing with the issue of insanity would be presented in the following order: direct defense evidence, then government rebuttal evidence, to be followed by defense surrebuttal evidence. The court indicated that defense counsel would be permitted to recall the defense psychiatrist after the government presented its rebuttal evidence. Upon the conclusion of the government's rebuttal evidence, the court inquired as to whether the defense would be offering any surrebuttal evidence. Defense counsel replied that he intended to recall the psychiatrist who had previously testified for the defense, but that the witness was presently unavailable (having been told by defense counsel to report at a later time). The court stated that unless the defense was going to offer any *new* evidence, the trial would proceed without defense surrebuttal. Defense counsel made no objection and no offer of proof, whereupon the trial proceeded without surrebuttal.

At the conclusion of the trial on March 17, 1976, the jury rendered a verdict of guilty.[3] On appeal, Clark contends that his due process rights were violated in the following three instances: (1) when the district court failed to automatically hold a second competency hearing upon his return from the Springfield medical facility; (2) when the court failed to interrupt the trial and *sua sponte* order a second competency hearing on the grounds that there was substantial evidence that the defendant was still incompetent, and; (3) when the court refused to allow the admission of the defendant's psychiatric surrebuttal evidence.

## I.

■ The first issue with which we must deal is whether appellant, who had previously been committed to a medical facility under 18 U.S.C. § 4246, was, by right, entitled to another competency hearing upon his being certified by the medical facility's psychiatric staff as mentally competent to stand trial. A nearly identical situation was before this Court in *United States v. Ives*, 504 F.2d 935 (9th Cir. 1974). (*Ives I*), vacated, 421 U.S. 944, 95 S.Ct. 1671, 44 L.Ed.2d 97; on remand, 547 F.2d 1100 (9th Cir. 1976) (*Ives II*), cert. denied, 429 U.S. 1103, 97 S.Ct. 1130, 51 L.Ed.2d 554 (1977); appeal after remand, 574 F.2d 1002 (9th Cir. 1978) (*Ives III*), appeal after second remand, 609 F.2d 930 (9th Cir. 1979) (*Ives IV*).

In *Ives I* we rejected the contention "that some type of judicial hearing is required

not be interpreted that there was any need for an additional psychiatric examination to determine appellant's competency to stand trial.

**3.** After the jury verdict of guilty, the district judge denied appellant's Rule 29(b) motion, but later a rule 29(c) motion was filed and, on April 21, 1976, the district judge granted the motion without comment. The United States then appealed to this court and, on May 3, 1978, in an unpublished memorandum, *United States of America v. Richard L. Clark*, No. 76–2086, this court reversed and remanded, granting the now appellant the opportunity to move for a new trial and, if the new trial was denied, the jury verdict should be reinstated and sentence imposed. To support the jurisdiction to entertain the Government's appeal, the court relied upon *United States v. Rojas*, 554 F.2d 938 (9th Cir. 1977), later supplemental opinion, 574 F.2d 476 (9th Cir. 1978). As to the sufficiency of the evidence, the court held that the "trial court erred in ruling that no reasonable jury could have found beyond a reasonable doubt that Clark was sane at the time of the robbery." On remand, the district court reinstated the verdict of guilty on November 20, 1978, and this appeal followed. In the interim the district

court had the benefit of the Supreme Court decision in *Burks v. United States*, 437 U.S. 1, 17 n. 11, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1, decided June 14, 1978, where it is said: "When the basic issue before the appellate court concerns the sufficiency of the government's proof of a defendant's sanity (as it did here), a reviewing court should be most wary of disturbing the jury verdict," citing *King v. United States*, 125 U.S.App.D.C. 318, 324, 372 F.2d 383, 389 (1966), which pointed out the complicated nature of the decision to be made and required an "unusually strong showing to induce us to reverse a conviction because the judge left the critical issue of criminal responsibility with the jury." While not obliged to do so, we have reviewed the transcript and find ourselves in agreement that a jury issue was presented as a Government psychiatrist testified that Clark did not have a mental disease or defect in February, 1975, to the extent that he lacked substantial capacity to appreciate the moral wrongfulness of his actions (T. 292), even though the psychiatrist was subjected to an able and rigorous cross-examination by defense counsel.

where a defendant has been committed as incompetent, the committing institution has subsequently concluded he is presently competent and the court has entered a finding of competency based upon that opinion." 504 F.2d at 947. The reasoning behind our decision in *Ives I* also applies to this case.[4] Therefore, we hold that when a defendant, committed as incompetent under 18 U.S.C. §§ 4244, 4246, has been returned to court as competent by the commitment institution, a second competency hearing is not automatically required. Rather, whether a second hearing is required depends upon the evidence in each case, under the principles in Part II *infra*. We now apply those principles to Clark's claim for a second hearing on return from the commitment institution.

■ The evidence before the trial court in this case justified its finding that the defendant was competent to stand trial. Although two psychiatrists had previously found Clark to be incompetent, and such findings may be evidence of present incompetence, at least one of those psychiatrists expressed the opinion that Clark's competency should be returned in a reasonable time. In addition, the December 8 report from Springfield, setting forth the opinions of two government psychiatrists that Clark

was mentally competent, was unrebutted by any later evidence. At Clark's arraignment, the Magistrate specifically asked his attorney if there was any reason to believe that Clark was still incompetent. His attorney replied that there was not. Under the circumstances, the court acted properly in setting the matter for trial.

■ In *Ives I* the district court entered a formal order finding the defendant competent to stand trial. Apparently, no such order was entered, or requested, in Clark's case. At least one circuit has indicated that, although a hearing may not be necessary to declare an accused competent, where a judicial determination of incompetency has been made, that finding cannot be set aside absent a superseding judicial order. *See United States v. Fessel*, 531 F.2d 1275, 1277 n.4 (5th Cir. 1976). While we agree that it would have been better procedure for the trial court to enter an order, we find that the dialogue between the court and counsel for the defense at Clark's arraignment necessarily ·implied a judicial *determination* of Clark's competency.[5] Therefore, the failure to enter a formal order, if error, was harmless.[6]

---

**4.** *Ives II* and *Ives III* did not call into question the holding in *Ives I* that there is no requirement of an automatic judicial hearing where a defendant has been committed as incompetent and the committing institution has subsequently concluded he is presently competent. Although *Ives I* was vacated by the Supreme Court and this section of it was not reinstated on remand in *Ives II*, so that this part of *Ives I* is not a precedent, the reasoning of *Ives I* on this precise issue was not invalidated and is still persuasive and we adopt it here. We explicitly rejected, in *Ives I*, the holding in *Gunther v. United States*, 94 U.S.App.D.C. 243, 215 F.2d 493 (1954), which decision has received mixed reactions in the District of Columbia Circuit, and has been questioned and distinguished in other circuits.

In *Ives III*, the court determined that the circumstances and evidence in Ives' case did require a second hearing; but that was a hearing on a showing of substantial evidence of incompetency, not an automatic hearing after return from a § 4246 commitment.

**5.** *See* note 1 *supra*. 18 U.S.C. §§ 4244 and 4246 do not require a hearing or entry of an order

upon a determination of a return to competency. Although a formal written order would be preferred, an adequate showing that a judicial determination was made is sufficient. *See generally United States v. Goodman*, 590 F.2d 705, 708–09 (8th Cir.), *cert. denied*, 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979).

The determination of legal competency by a federal court is limited to the purposes of a criminal trial in that court. It has no general effect outside those criminal proceedings. The passage of 18 U.S.C. §§ 4244 and 4246 was not intended to be an invasion of the general field of lunacy, which is reserved to the states. *Higgins v. United States*, 205 F.2d 650 (9th Cir.), *cert. dismissed*, 346 U.S. 870, 74 S.Ct. 134, 98 L.Ed. 379 (1953); *Wells v. Attorney General of United States*, 201 F.2d 556 (10th Cir. 1953). *Cf. Greenwood v. United States*, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412 (1956). Therefore, the formality of a written order declaring the person competent is not required as proof in any matters outside the criminal proceeding.

**6.** Only if Clark was, in fact, incompetent at the time of his arraignment would a failure to hold

## II.

Appellant also raises the question of whether the need for a second competency hearing arose during the course of the trial. In *United States v. Ives*, 574 F.2d 1002 (9th Cir. 1978) (*Ives III*), we held that "the decision to hold an evidentiary hearing on a *subsequent* § 4244 motion rests in the sound discretion of the trial judge. Absent [an] abuse of that discretion, the determination will not be overturned." *Id.* at 1005 (emphasis added). *See also United States v. Bodey*, 547 F.2d 1383, 1387 (9th Cir.), *cert. denied* 431 U.S. 932, 97 S.Ct. 2639, 53 L.Ed.2d 249 (1977); *United States v. Cook*, 418 F.2d 321, 324 (9th Cir. 1969).

■ *Ives III*, 574 F.2d at 1005, suggests that a trial judge, when deciding whether a second § 4244 hearing is merited, should pay heed to the principles espoused in *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), and *deKaplany v. Enomoto*, 540 F.2d 975 (9th Cir. 1976) (en banc), *cert. denied*, 429 U.S. 1075, 97 S.Ct. 815, 50 L.Ed.2d 793 (1977).[7] *Drope* held that a trial court has a continuing duty to

insure that a defendant is not subjected to trial if his "mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense . . . ." 420 U.S. at 171, 95 S.Ct. at 903. In *deKaplany* we held that a hearing is required *sua sponte* whenever there exists "substantial evidence" that the defendant may be mentally incompetent and that "[e]vidence is 'substantial' if it raises a reasonable doubt about the defendant's competency to stand trial." 540 F.2d at 980–81 (quoting *Moore v. United States*, 464 F.2d 663, 666 (9th Cir. 1972)). In view of these principles the question to be decided is whether sufficient evidence arose during the course of the trial to establish a reasonable doubt as to Clark's ability to understand the nature of the proceedings and assist in his defense, such that the trial judge abused his discretion in failing to order, *sua sponte* a second § 4244 hearing.[8]

■ Under these circumstances the court should consider all available pertinent evidence for "[t]he emergence of genuine

---

an 18 U.S.C. § 4244 hearing be an error affecting his substantial rights. *See United States v. Makris*, 483 F.2d 1082, 1091 (5th Cir. 1973), *cert. denied*, 415 U.S. 914, 94 S.Ct. 1408, 39 L.Ed.2d 467 (1974).

7. *Drope* and *deKaplany* both involved state court proceedings where the failure of the trial court to grant a competency hearing was challenged as a violation of due process. In the present case, the trial court's actions were subject to 18 U.S.C. § 4244, which provides, in part:

Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States · Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or

upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrists indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto.

8. In *Ives III*, the "abuse of discretion" standard was established in the context of the trial court's denial of *defense counsel's motion* for a second competency hearing. In Clark's case no such motion was made. Certainly, when deciding whether a trial court, *on its own initiative*, should have ordered a second hearing, the standard of review could be no more stringent than an abuse of discretion.

doubt in the mind of a trial judge necessarily is the consequence of his total experience and his evaluation of the testimony and events of the trial." *deKaplany, supra,* 540 F.2d at 983. A review of the record convinces us that in Clark's case the evidence was insufficient to compel the trial court to order an additional competency hearing. Nothing occurred after preparation of the report received December 8, 1975 that might have caused the psychiatrists to supplement their opinions.

Prior to the October 14, 1975, competency hearing, Clark was examined by two psychiatrists—one on August 26, 1975, the other on September 24, 1975.[9] Both psychiatrists concluded that Clark was at that time incompetent to stand trial. At the hearing at least one of the psychiatrists stated the opinion that Clark's competency would return within a reasonable time. As a result of this evidence Clark was committed by order of the district court on October 24, 1975.

On November 7 or 10, 1975, Clark underwent psychiatric examinations by two government psychiatrists. An additional examination was held on November 20, 1975. As a result of Clark's psychiatric testing and evaluation, in conjunction with its own observations, the psychiatric staff found Clark competent to stand trial.

There was never any disagreement over Clark's capacity to understand the nature of the proceedings.[10] As for his ability to assist counsel in his defense, we find it significant that Clark's attorney, through-

out the course of the trial, never considered it necessary to move for an additional competency hearing.[11]

Unusual behavior on the part of a defendant before and during his trial may also reflect on his current mental competency. *Drope v. Missouri, supra,* 420 U.S. at 180, 95 S.Ct. at 908. Clark testified at his trial. Although his testimony seemed peculiar at times and contained descriptions of prior instances of irrational behavior, a review of the trial transcript leads us to believe that he understood and was able to respond rationally to counsel's questions. And nowhere is it suggested that he displayed unusual conduct or mannerisms at trial.

Another factor in this case is that Clark based his defense upon a plea of insanity.[12] Thus, the goal of the defense was to convince the jury that Clark was insane when he robbed the bank. With this in mind, it would not be unreasonable for the trial judge to assume that any peculiar actions or statements on the part of Clark were geared towards convincing the jury of his insanity.

Upon reviewing the evidence, we conclude that the trial judge did not abuse his discretion in failing to order, on his own motion, a second competency hearing. In our opinion the evidence was insufficient to raise a reasonable doubt in the trial judge's mind as to Clark's competency at the time of his trial.

9. Dr. Jack Jurasky, who examined Clark on August 26th concluded that he "[h]as the capacity to understand the nature of the proceedings [sic] against him but may be limited in the degree by which he can effectively assist his counsel in the defense of his case." Likewise, Dr. William Pike (the September 24th examining psychiatrist) opined that "the subject understands the nature of the proceedings against him" but "he does not comprehend enough to effectively assist trial council [sic]."

10. *See* note 9 *supra.*

11. Undeniably, defense counsel who had requested the previous competency hearing, was aware that there may be some question as to

Clark's competency. If Clark had been unable to effectively assist counsel, it logically follows that his attorney would have been the first to know. The fact that his attorney apparently considered him competent is significant evidence that he was competent. *See also* note 1 *supra.*

12. In a federal court the plea of not guilty by reason of insanity is encompassed in the plea of not guilty. Nevertheless, there was never any question as to whether Clark robbed the bank and the sole issue for jury determination was, for all practical purposes, the issue of mental competency.

## III.

Appellant's remaining contention, that the court erred in refusing to allow the defense to recall its psychiatric expert, is also without merit. When the government concluded its psychiatric rebuttal evidence, the court gave defense counsel the opportunity to offer surrebuttal evidence, provided that it was not merely a repetition of previous testimony. It was within the sound discretion of the trial court to limit the rebuttal evidence to new evidence. Fed.R. Evid. 403; *see Geders v. United States*, 425 U.S. 80, 86–87, 96 S.Ct. 1330, 1334–1335, 47 L.Ed.2d 592 (1976); *United States v. Perez*, 491 F.2d 167, 173 (9th Cir.), *cert. denied sub nom., Lombera v. United States*, 419 U.S. 858, 95 S.Ct. 106, 42 L.Ed.2d 92 (1974). Defense counsel made no offer of proof; he made no representation that his witness would provide new or important testimony. Accordingly, the court went on with the remainder of the trial, without objection. In our judgment, this did not amount to an abuse of discretion.

AFFIRMED.