996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William John SUTTON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-15056.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1993.
Decided May 20, 1993.
 
 Before REINHARDT, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant William John Sutton appeals the district court's denial of his motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. Sutton argues the guilty plea he entered for engaging in a continuing criminal enterprise, 21 U.S.C. § 848, violated due process. Specifically, he maintains (1) his guilty plea was not knowing and voluntary, (2) the court failed to establish a factual basis for his plea, and (3) he was denied the effective assistance of counsel. We determine no due process or Sixth Amendment violations occurred, and we affirm.
 
 
 3
 * GUILTY PLEA
 
 
 4
 Sutton first contends the district court erred during the Rule 11 hearing because it failed to question appellant's competency after discovering Sutton had been on potentially "mind altering" medication and had been receiving psychiatric treatment. "A defendant is not competent [to plead guilty] if mental illness has substantially impaired his or her ability to make a reasoned choice among the alternatives presented and to understand the nature and consequences of the [plea]." Chavez v. United States, 656 F.2d 512, 518 (9th Cir.1981).
 
 
 5
 We must determine whether "evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence." Id. at 516. Whenever a judge possesses such genuine doubt, "[d]ue process requires a trial court to hold a hearing, sua sponte, on a defendant's competence to plead guilty." Id. at 515. The issue before this court is not whether Sutton was in fact competent to plead guilty, but whether the district judge who accepted his guilty plea had substantial evidence before him which should reasonably have caused him to doubt Sutton's competence. United States v. Lewis, No. 92-50384, slip op. 3535, 3541 (9th Cir. April 9, 1993).
 
 
 6
 During the Rule 11 hearing, the judge engaged in the following colloquy with Sutton:
 
 
 7
 THE COURT: Are you under the care of any psychologist, psychiatrist, or other physician, for any mental or emotional disorder?
 
 
 8
 SUTTON: To tell you the truth, I don't know. I was in the institution.
 
 
 9
 THE COURT: In the institution?
 
 
 10
 SUTTON: Yes.
 
 
 11
 THE COURT: How recently, sir?
 
 
 12
 SUTTON: I saw a psychiatrist last week.
 
 
 13
 THE COURT: And for what condition?
 
 
 14
 SUTTON: It started out with methadone withdrawal; and about five-years ago I was burned. I blew up in a truck. Sometimes I have recurring dreams of burning. And they would put me on elavil, other drugs, to let me sleep nights.
 
 
 15
 THE COURT: Do you feel that either one of those conditions for which you consulted a psychiatrist prevents you from forming an intelligent and knowledgeable choice about what you should do in this matter?
 
 
 16
 SUTTON: No. I wouldn't say so.
 
 
 17
 Sutton also stated he was not taking any prescription drugs at the time of the hearing. In his briefs, however, Sutton maintains he had previously been on the prescription drug elavil, which, according to medical testimony presented during the § 2255 hearing, can cause confusion, disturbed concentration, disorientation, delusions and hallucinations.
 
 
 18
 Although Sutton offers the testimony of a pharmacologist who testified at his § 2255 hearing about the possible side effects of the medications Sutton was prescribed, we are more concerned with whether Sutton's actual state should have caused the trial court to doubt Sutton's competence to plead guilty. Although appellant had been on the drug elavil prior to the proceedings at issue, he had been off that medication for at least two weeks. He had taken the antihistimine Benadryl, which can also cause adverse side effects, for a five day period over a week before the Rule 11 hearing. The psychiatrist who was treating Sutton at that time later testified Sutton exhibited no evidence of psychosis and that Sutton exhibited none of the alleged confusional side effects from the elavil or benadryl. The psychiatrist testified Sutton seemed about to communicate with him in an intelligible fashion and was oriented as to time and place. Moreover, Sutton himself did not complain to his psychiatrist of any side effects from the medication until May 1991, three months after he filed this § 2255 motion.
 
 
 19
 The transcript of the Rule 11 hearing reveals Sutton was cogent and appeared to understand the proceedings and the decisions he was making. The judge did not observe any indications that Sutton was incompetent, which is not surprising considering the fact that Sutton's psychiatrist, who observed him closely in a clinical environment, did not determine he was incompetent. Sutton's attorney also did not question his client's competence, which is some evidence Sutton showed no signs of incompetence at that time. Lewis, slip op. at 3544; Hernandez v. Ylst, 930 F.2d 714, 718 (9th Cir.1991); United States v. Clark, 617 F.2d 180, 186 n. 11 (9th Cir.1980).
 
 
 20
 Sutton correctly informed the court he was on no medication at the time he plead. The fact he had received psychiatric treatment did not automatically bring his competence into question. " '[A] defendant's bizarre actions or statements, or counsel's statement that the defendant is incapable of cooperating in his own defense, or even psychiatric testimony need not alone raise sufficient doubt.' " Hernandez, 930 F.2d at 718 (alterations in original) (quoting United States v. Ives, 574 F.2d 1002, 1004 (9th Cir.1978)). Sutton has not maintained his behavior was in any way irrational nor that his demeanor may have alerted the judge that he was not competent. Compare Chavez, 656 F.2d at 519 (competency called into question after defendant fired attorneys, did not attempt to plea bargain, had emotional outbursts in open court, and had long history of antisocial behavior and treatment for mental illness). Sutton did not display any signs of incompetence to the numerous observers in contact with him at that time nor to the judge who accepted his plea. He only stated he had received psychiatric treatment for burn trauma and had been on medication in the past. There was not "substantial evidence" which would raise a "reasonable doubt" in the judge's mind concerning Sutton's competence to plead. " '[O]ne cannot fault a trial judge for failing to determine a question that he has no reason to believe is in issue.' " Lewis, slip op. at 3544 (quoting United States v. Day, 949 F.2d 973, 982 n. 10 (8th Cir.1991)).
 
 
 21
 The district court did not err by failing to hold a hearing sua sponte on Sutton's competence to plead guilty.
 
 II
 FACTUAL BASIS FOR GUILTY PLEA
 
 22
 Sutton next contends there was insufficient factual basis for the district court to accept his plea of guilty to the ongoing criminal enterprise charge. Sutton disputes whether there was sufficient factual basis for the district court to determine he had received "substantial income or resources" from the enterprise, a required element of 21 U.S.C. § 848(b). Appellant concedes he admitted to the other elements of the offense.
 
 
 23
 Fed.R.Crim.P. 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Under Rule 11(f), the district court must "establish[ ] on the record that there is sufficient evidence to support the conclusion that the defendant is guilty." United States v. Rivera-Ramirez, 715 F.2d 453, 457 (9th Cir.1983), cert. denied, 467 U.S. 1215 (1984).
 
 
 24
 Our review of the Rule 11 record indicates the district court had a sufficient factual basis for accepting the plea. Appellant concedes he admitted to the first two elements of the offense. However, he questions whether he admitted to receiving "substantial resources" from his supervision of the illegal activity. It is true that when asked by the court if he had obtained substantial income or resources from the enterprise, Sutton replied: "Well, I didn't get any substantial income, or any property, or anything. I didn't get anything out of this." However, after further questioning by the court, Sutton admitted to receiving money for his role in the activity:
 
 
 25
 THE COURT: When you imported the marijuana, and sold the marijuana, and possessed it with intent to distribute it, did you receive money for that activity?
 
 
 26
 MR. SUTTON: Yes.
 
 
 27
 The record before the district court indicates the money he received was substantial. The government stated its evidence would show Sutton had personally received payments of almost $900,000 for two shipments of marijuana. The government also informed the court that Sutton had assets which were forfeitable by the government as fruits of the drug smuggling enterprise. Those assets, which were in fact later forfeited, included over $60,000 in a money account and $35,000 invested in Tucson property. Neither Sutton nor his attorney disputed this evidence. Count three of the indictment, to which Sutton plead guilty, states the "substantial income" he had received included these forfeitable assets.
 
 
 28
 The evidence that Sutton had received "substantial resources" from his participation in the ongoing criminal enterprise was more than sufficient for the district court to accept his plea of guilty to those charges.
 
 III
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 29
 Sutton next maintains he was denied effective assistance of counsel, because his attorney did not understand the elements of 21 U.S.C. § 848 and did not inform appellant of those elements. Sutton also claims his attorney failed to question Sutton's competence, although he was aware appellant was in a methadone withdrawal program and had been receiving psychiatric care.
 
 
 30
 "To demonstrate ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense." United States v. Signori, 844 F.2d 635, 638 (9th Cir.1988) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). This test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). Sutton must show "that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases." Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986).
 
 
 31
 Once an appellant establishes his attorney's incompetence, he must still show prejudice: "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Sutton maintains his counsel's performance was deficient because he did not question Sutton's competence, did not investigate the factual basis for each of the element of the offense, and did not himself understand or explain to his client the elements of the offense of engaging in a continuing criminal enterprise.
 
 
 32
 The attorney's failure to question Sutton's competency was not outside the range of competent counsel. As previously stated, the judge did not observe behavior which would have caused him to question Sutton's competence. Admittedly Sutton's counsel had more frequent and prolonged contact with appellant than did the district judge who accepted the plea. However, the psychiatrist who was treating Sutton at that time also did not question Sutton's competency. Rather than call into question his own effectiveness as an attorney, counsel's failure to question Sutton's competency merely strengthens the observations of others who were in contact with Sutton at that time--there was nothing in his behavior or medical history which would cast substantial doubt on Sutton's ability to understand his plea of guilty.
 
 
 33
 As to the other allegations of ineffective assistance, we need not determine whether Sutton's attorney's performance was deficient, because we determine that even if some deficiency existed, there was no prejudice. Sutton argues that if he had known that deriving "substantial resources" from the ongoing activity was an element of the offense, he would never have plead to that charge.
 
 
 34
 Our review of the Rule 11 transcripts indicates that, in accepting Sutton's plea, the district court covered each of the elements of the offense of engaging in an ongoing criminal enterprise, including the receipt of "substantial resources." Sutton stated he understood those elements and admitted his guilt to each. We have already determined there was sufficient evidence that Sutton did derive "substantial income or resources" from the illegal activity. Sutton admitted to receiving money and did not challenge the government's assertion that Sutton's $95,000 in forfeitable assets was derived from his participation in the drug scheme. Statements made by a defendant in open court at the time of the plea carry a strong presumption of veracity. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986). Furthermore, Sutton has presented us with no evidence that a plausible defense to the charge exists.
 
 
 35
 Because Sutton admitted his guilt to each element of the offense of engaging in an ongoing criminal enterprise and there was sufficient factual evidence to support that admission, he suffered no prejudice as a result of his attorney's alleged unfamiliarity with the elements of that offense.[1]
 
 
 36
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 37
 I dissent. I believe that the district judge erred in not holding a competency hearing at the time Sutton pleaded guilty in 1985. Sutton advised the court that he did not know whether or not he was under the care of a psychiatrist at the time of the plea, that he had last seen a psychiatrist a week earlier, that he had recurring dreams of burning, and that he had been treated with Elavil, a psychotropic drug. These facts, in my view, required the court to conduct a further investigation before accepting a plea. I would reverse the denial of § 2255 relief and either vacate the plea of guilty or remand for a retrospective competency hearing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We note that counsel's admission of ignorance of the elements of this offense does not alter the observation we made in Sutton's direct appeal, where he likewise challenged the effectiveness of his counsel, albeit for different reasons. We observed that the attorney's advice to Sutton to plead guilty to only one of nine counts was quite reasonable, given the fact the government was prepared to go to trial on all nine counts, and that Sutton's admission of guilt to the ongoing criminal enterprise count was effectively an admission of guilt to the eight counts which were dismissed. United States v. Sutton, 794 F.2d 1415, 1422 (9th Cir.1986). It still appears to us that his counsel's level of representation did not fall below an objective standard of reasonableness. Strickland, 466 U.S. at 687-688