124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto POLANCO-MORENO, Defendant-Appellant.
 No. 96-16463.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Sept. 12, 1997.
 
 Appeal from the United States District Court for the District of Nevada Lloyd D. George, Chief Judge, Presiding
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Roberto Polanco-Moreno appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. We review de novo. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Polanco-Moreno contends that the district court should have held a hearing to determine whether he was competent to stand trial. This contention lacks merit.
 
 
 4
 "To be competent to stand trial, a criminal defendant must have sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings." United States v. Chavez, 656 F.2d 512, 518 (9th Cir.1981). "We review the record to see if the evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence." Id. at 516.
 
 
 5
 Here, Polanco-Moreno asserts that a metal plate inserted into his skull after an accident in 1989 resulted in headaches which required medication and that the combination of headaches and medication rendered him incompetent to stand trial. Polanco-Moreno has not, however, maintained his behavior was in any way irrational nor that his demeanor may have alerted the court that he was not competent. Cf. id. at 519 (competency called into question after defendant fired attorneys, had emotional outbursts in open court and had a long history of antisocial behavior and treatment for mental illness). Nor has he submitted evidence of a history of psychological problems. In fact, the record reveals that on direct examination, Polanco-Moreno testified extensively, intelligently and cogently. Moreover, the government submitted the affidavit of Polanco-Moreno's public defender stating that she "did not believe, prior to trial, that a mental evaluation for competency was necessary, [and] did not believe that Mr. Polanco-Moreno was incompetent to proceed to trial." See United States v. Clark, 617 F.2d 180, 186 n.ll (9th Cir.1980) ("The fact that [defendant's] attorney apparently considered him competent is significant evidence that he was competent."); Hernandez v. Ylst, 930 F.2d 714, 718 (9th Cir.1991) (same). Because there was no evidence which should have created a genuine doubt respecting the Polanco-Moreno's competence, the district court did not err by not holding a competency hearing. See Chavez, 656 F.2d at 516.
 
 
 6
 Polanco-Moreno contends that he received ineffective assistance of counsel because counsel allowed him to proceed although he was incompetent. As stated above, Polanco-Moreno has submitted no evidence which would have created a doubt about Polanco-Moreno's incompetence, thus counsel's failure to request a competency hearing was not deficient performance. See Stricklnd v. Washington, 466 U.S. 668, 687 (1984) (appellant must demonstrate that counsel's performance was deficient to establish ineffective assistance of counsel)
 
 
 7
 Polanco-Moreno next contends that his waiver of his Miranda rights was not voluntary because he was incompetent. Polanco-Moreno did not move to suppress his statements on this basis before trial, as required by Fed.R.Crim.P. 12(b)(3). Accordingly, he is barred from raising this claim for the first time in a section 2255 petition. See Fed.R.Crim.P. 12(f); Frady v. United States, 456 U.S. 152, 162-64, 167-68 (1982); see also United States v. English, 42 F.3d 473, 477-78 (9th Cir.1994). In addition, Polanco-Moreno has waived his contention that he should have received a downward adjustment for acceptance of responsibility. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994) (nonconstitutional sentencing errors that were not raised on direct appeal have been waived and generally may not be reviewed under section 2255).[1]
 
 
 8
 Finally, we reject Polanco-Moreno's contention that the district court was required to hold an evidentiary hearing before denying his section 2255 motion. See United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989) (per curiam) (district court need not hold evidentiary hearing if the allegations fail to state a claim for relief)
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Polanco-Moreno's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We decline to consider for the first time on appeal Polanco-Moreno's contention that he was not given adequate time to review his presentence report. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990)