**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jonathan Dewitt CASTLE,
Defendant–Appellant.**

No. 02–50430.

D.C. No. CR–01–0838–AHM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 2003.

Decided Dec. 19, 2003.

Ronald L. Cheng, Esq., Garth E. Hire, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan DeWitt Castle, pro se, South Pasadena, CA, Stephen Lathrop, Torrance, CA, for Defendant–Appellant.

Before FISHER and BYBEE, Circuit Judges, and MAHAN,* District Judge.

## MEMORANDUM **

Jonathan Dewitt Castle appeals his conviction following a jury trial for possession of a machine gun and possession of an unregistered firearm, in violation of 18 U.S.C. § 922(o) and 26 U.S.C. § 5861(d), respectively. Specifically, Castle argues that the district court abused its discretion by precluding Castle's proffered surrebuttal testimony and that such exclusion violated his constitutional right to present a complete defense. We review a district court's ruling on the admission or exclusion of surrebuttal evidence for an abuse of discretion. *United States v. Blackstone*, 56 F.3d 1143, 1145–46 (9th Cir.1995). We conclude that any error by the district court in denying the proffered surrebuttal was harmless. Accordingly, we affirm.

We have held that a district court does not abuse its discretion in prohibiting surrebuttal testimony where such testimony would be cumulative of prior testimony. *See United States v. Butcher*, 926 F.2d 811, 817 (9th Cir.1991); *United States v. McCollum*, 732 F.2d 1419, 1426 (9th Cir. 1984). Evidence is cumulative when it is "merely a repetition of previous testimony." *United States v. Clark*, 617 F.2d 180, 187 (9th Cir.1980).

Here, the government in its case-in-chief argued that the gun in court was not the gun fired by Castle in the videotape. Castle's theory was that the two guns were the same. Indeed, Castle in his case-in-chief called a witness to testify that the gun in court was, in fact, the same gun fired by Castle in the videotape.

Whether the gun in court was the same as or different from the gun fired by Castle in the videotape was the subject of trial testimony. As the district court noted in denying Castle's request for surrebuttal, the government's own witness had acknowledged that the barrels of the gun could be changed. Castle's proffered testimony that the barrel on the specific gun at issue had been changed was, however, more specific and not directly repetitious of that prior testimony. As such, it would not have been clearly cumulative under our circuit's cases, cited above.

In any event, Castle was ultimately able to present his theory to the jury that the material parts of the gun on the video and

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

in the courtroom were the same, but the stock and barrel had been changed. In his closing argument Castle stated, "[The government] presented Rudolph to say that it's not the same gun because the barrel and the stock is [sic] different. Two and a half years ago. A lot can happen to a gun in two and a half years. Barrels are replaceable. Stocks are replaceable." Therefore, Castle was not prevented from presenting the theory of his defense nor was he denied his constitutional right to present a defense.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.