**Delmar Jack MEALER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21411.**

United States Court of Appeals
Ninth Circuit.

Oct. 13, 1967.

Delmar Jack Mealer, in pro. per.

John P. Hyland, U.S. Atty., Rothwell B. Mason, Asst. U.S. Atty., Sacramento, Cal., for the United States.

Before HAMLIN, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM:

Delmar Jack Mealer, appellant herein, on July 9, 1963, represented by appointed counsel, pleaded guilty in the United States District Court for the Northern District of California to two counts of violating the Dyer Act (18 U.S.C. § 2312) and was sentenced to four years imprisonment upon each count, the sentences to run consecutively. On June 11, 1966, appellant filed a section 2255 motion in forma pauperis in the United States District Court for the Northern District of California. Counsel was appointed and a hearing held before Judge Halbert, the sentencing judge, at which appellant was present. The motion was denied and appellant appealed to this court in forma pauperis and in propria persona. We have jurisdiction under 28 U.S.C. § 1291 et seq.

Appellant contends on this appeal that it was error to deny the motion in that (1) he was mentally incompetent at the time of his plea and sentence, and (2) his sentence on Count I of the indictment was void for the reason that no act in the Northern District of California was charged.

After the hearing in the district court on appellant's motion, the district judge filed findings of fact and conclusions of law denying appellant's motion. An examination of the record establishes that the findings of fact are supported by substantial evidence. The burden was on appellant to establish that he was mentally incompetent at the time of his plea and sentence, Papalia v. United States, 333 F.2d 620, 621 (2d Cir. 1964), and the record shows that appellant failed to carry that burden.

Appellant's second contention also lacks merit. Count I of the indictment charged Mealer with having transported a stolen motor vehicle from Colorado to Napa in the Northern Division of the Northern District of California knowing said motor vehicle to have been stolen. Jurisdiction was thereby established.

We find no merit in appellant's appeal. Judgment affirmed.