**Robert Eugene LEE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 72-2086.

United States Court of Appeals, Ninth Circuit.

Oct. 25, 1972.

Norman B. Binns, Seattle, Wash., for petitioner-appellant.

Stan Pitkin, U. S. Atty., Thomas P. Giere, Asst. U. S. Atty., Seattle, Wash., for respondent-appellee.

Before MERRILL, CARTER and WRIGHT, Circuit Judges.

PER CURIAM:

Lee appeals from the denial of a motion to vacate sentence (28 U.S.C. § 2255). The district judge, who had also imposed sentence in 1968, conducted an evidentiary hearing, heard the testimony of appellant, and found that he had failed to sustain his burden of proving that he was incompetent when he pleaded guilty. We affirm.

Lee was represented by counsel when he pleaded guilty on October 1, 1968 to a charge of receiving currency stolen from a national bank. A probation officer interviewed him at once, made a report, and Lee was sentenced on October 25, 1968. The guilty plea was accepted after an extended, painstaking proceeding in which Lee was questioned, together with his counsel, and the court was satisfied that the plea was intelligently, freely and voluntarily entered into.

Two years later, Lee's petition to vacate sentence alleged that he was "blacked out" at the time of his plea. The district judge considered his testimony, his medical history, the testimony of the probation officer, and the written statement of a co-defendant and cell mate. The judge's findings were also supported by his observations of defendant during arraignment and plea, at which time there were no indications of "blackout" and no impairment of ability to answer questions. The court noted also the failure of appellant to mention the "blackout" in an earlier § 2255 petition, filed in January 1970. Substantial evidence supports the district court's

findings of fact. The record shows that appellant failed to carry the burden of establishing mental incompetence. Mealer v. United States, 383 F.2d 849 (9th Cir. 1967).

Affirmed.