William Bernard McKINNEY, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 72-3095.

United States Court of Appeals,
Ninth Circuit.

Nov. 6, 1973.

Richard G. Sherman (argued), of Sherman & Sturman, Beverly Hills, Cal., for petitioner-appellant.

Richard J. Trattner, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Los Angeles, Cal., for respondent-appellee.

Before DUNIWAY and WRIGHT, Circuit Judges, and TURRENTINE,* District Judge.

* The Honorable Howard B. Turrentine, United States District Judge, Southern District of California, sitting by designation.

OPINION

DUNIWAY, Circuit Judge:

On September 10, 1968, McKinney was convicted by a judge sitting without a jury under three counts of violating federal narcotics laws. 21 U.S.C. § 176a and 26 U.S.C. § 4742(a). After being sentenced to concurrent terms of five years on each count, McKinney appealed to this court and his conviction was affirmed. United States v. McKinney, 9 Cir., 1970, 433 F.2d 921. On May 5, 1972, McKinney filed a motion under 28 U.S.C. § 2255 alleging that at the time of his trial he was insane as a matter of law and therefore not competent to stand trial. The district court held hearings on this motion in May and August of 1972, and found that McKinney was sane at the time of his trial. We affirm.

On appeal McKinney claims that the court's finding is not supported by substantial evidence and is therefore clearly erroneous. At the hearings on his § 2255 motion, McKinney offered his own testimony, that of a friend, and the testimony of his general practitioner, two psychiatrists, and a psychologist. All four experts concurred in the opinion that McKinney was not mentally competent to stand trial in September of 1968. McKinney's trial attorney was not called as a witness, nor was anyone else, except McKinney, who was present at the trial. The government did not produce any testimony as to McKinney's competence to stand trial.

McKinney first argues that in a hearing on a § 2255 motion when a defendant presents expert witnesses who support his contention of insanity at the time of trial the government must present expert witnesses in rebuttal to sustain its burden of proof, citing United States v. Cooper, 9 Cir., 1973, 465 F.2d 451; United States v. White, 9 Cir., 1971, 447 F.2d 796; United States v. Sobel, 9 Cir., 1971, 443 F.2d 1370; Hartford v. United States, 9 Cir., 1966, 362 F.2d 63; Buatte v. United States, 9 Cir., 1964, 330 F.2d 342. McKinney's reli-

ance on these cases is misplaced and his statement of the law is inaccurate. The cited cases deal with the burden of proof in cases in which the defendant's sanity at the time of the commission of a crime is questioned at the trial for that crime. In such cases, once a prima facie showing of his insanity is made, the government bears the burden of proving beyond a reasonable doubt that the defendant was legally sane at the time of the crime. United States v. White, supra, 447 F.2d 796, 797.

The issue here is different. The question is not whether McKinney should bear criminal responsibility for his actions, but rather whether he was sufficiently mentally competent to assist his counsel in litigating the issue of his guilt. A. Matthews, Jr., Mental Disability and the Criminal Law 17–21, 77 (1970); A. Goldstein, The Insanity Defense 184–5 (1967). The test for legal sanity in the context of competency to stand trial is accordingly different:

"[H]as [the defendant] sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and [has he] a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 1960, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824.

Furthermore, when the issue of the defendant's competency to stand trial is raised in a § 2255 motion, the burden is upon the defendant to prove that he was not mentally competent to stand trial. Crail v. United States, 10 Cir., 1970, 430 F.2d 459, 460; and see Mealer v. United States, 9 Cir., 1967, 383 F.2d 849, 850. In sum, the issues and standards of proof here are different from those in Cooper, et al.

McKinney next argues that because the government presented no evidence of his sanity at the time of the trial, the district court's finding that the defendant was sane at that time is clearly erroneous. This view rests upon the misapprehension that a trial judge, when ruling on a § 2255 motion, cannot

take into account his own observations at the time of the trial. The law is clearly to the contrary.[1] In Battaglia v. United States, 9 Cir., 1970, 428 F.2d 957, 959, we stated that:

> "In these circumstances, the trial judge . . . had the right, and probably the duty, to place important reliance on his own views of appellant's conduct during the course of the trial." (*Id.* at 958)

> "No one is in a better position to look at and analyze the record in light of the charges than is the trial judge who presided over the original proceedings." (*Id.* at 959)

*Accord,* Mirra v. United States, 2 Cir., 1967, 379 F.2d 782, cert. denied 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667; United States v. Smith, 4 Cir., 1964, 337 F.2d 49; Carvell v. United States, 4 Cir., 1949, 173 F.2d 348. *See also* Diamond v. United States, 9 Cir., 1970, 422 F.2d 1313, 1314.

Three of McKinney's experts based their opinions entirely upon single sessions with him, held over three and a half years after the trial. The fourth expert is not a psychiatrist. None of the experts read the trial transcript.

The trial judge is not compelled to agree with the legal conclusions of medical experts, especially when the experts' opinions are based entirely upon conversations held with the defendant over three and a half years after the trial. Moreover, increased deference to the trial court's judgment is warranted when he has the trial transcript before him and is able to rely upon his own observations of the defendant at the time of the trial. Bishop v. United States, 1955, 96 U.S.App.D.C. 117, 223 F.2d 582, rev'd other grds. 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835.

The trial judge examined the experts' reports, noting the lucidity of the defendant's recounting of the trial to them, and heard their testimony. He weighed this evidence against his own knowledge of what happened at the trial, and that McKinney behaved rationally and competently at the trial. The trial court determined that McKinney had not met his burden of proof. We can not say that this finding was clearly erroneous. Hutson v. United States, 9 Cir., 1971, 437 F.2d 415, 416; Lepiscopo v. United States, 3 Cir., 1970, 426 F.2d 769.

Affirmed.

---

[1]. Floyd v. United States, 5 Cir., 1966, 365 F.2d 368; Roe v. United States, 8 Cir., 1963, 325 F.2d 556; and Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, which relate only to the adequacy of the evidence supporting a trial court's refusal to hold a hearing pursuant to a § 2255 motion, are not in point.