Cambel Lee SPIKES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 79–2595.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 1980.
Decided Oct. 8, 1980.

As Revised on Denial of Rehearing
Nov. 19, 1980.

Daniel F. Cook, San Francisco, Cal., for appellant.

Sanford Svetcov, Asst. U.S. Atty., San Francisco, Cal., for appellee.

Before MERRILL, GOODWIN and ANDERSON, Circuit Judges.

GOODWIN, Circuit Judge.

Cambel Lee Spikes appeals the district court's dismissal of his pro se motion for post conviction relief under 28 U.S.C. § 2255.

On July 16, 1976, Spikes pleaded guilty to armed robbery and assault on federal officers. Three months earlier, Spikes suffered multiple gunshot wounds during a shoot–out at the scene of his arrest for bank robbery. One bullet entered his skull. Doctors had to remove a portion of Spikes' brain.

Following Spikes' hospital treatment, the trial judge ordered a comprehensive neuropsychiatric examination of the accused to determine if Spikes was competent to stand trial. A psychiatrist, a clinical psychologist, and a neurologist submitted reports. All three stated that, in their opinions, Spikes was competent to stand trial. The experts did not state whether Spikes was competent to plead guilty. No one at that time requested their views on that question.

When Spikes indicated a desire to plead guilty pursuant to a plea bargain, the court conducted the usual Fed.R.Crim.P. 11 proceeding. The court did not order another examination of Spikes' mental condition. Both the court and counsel apparently thought a second examination unnecessary. The court sentenced Spikes on two counts and dismissed three counts.

After two years in custody, Spikes, in a habeas corpus petition, asked the district court to vacate his guilty plea and sentence. Liberally construed, his pro se motion asserted that he had been incompetent to plead guilty. Spikes alleged that the trial judge, sue sponte, at the Rule 11 proceeding should have ordered a hearing on his competence to plead guilty. Because we construe this allegation to assert a denial of due process, we treat Spikes' motion as sufficient to challenge the validity of his plea. The district court denied the habeas petition without a hearing. It is the denial without a hearing that Spikes now appeals.

■ A motion for habeas corpus under § 2255 that alleges facts supporting a claim for relief may be denied without a hearing if the motion, the records, and the files of the case conclusively show that the prisoner is entitled to no relief. *Fontaine v. United States*, 411 U.S. 213, 215, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973). *See also Sanders v. United States*, 373 U.S. 1, 6, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1962).

■ Psychiatric findings and opinion evidence that an accused is competent to stand trial are ordinarily used to support a decision to proceed to trial. The additional finding that the accused was competent to enter a guilty plea is usually made at a Rule 11 hearing. If doubts about competence to plead guilty are raised at the Rule 11 hearing, the court must hold an evidentiary hearing on that question. *Sieling v. Eyman*, 478 F.2d 211, 214 (9th Cir. 1973). But if no question is raised, the court need not hold a hearing on competence *sua sponte* unless the court has a good faith reason to doubt the accused's competence to plead guilty. *Sailer v. Gunn*, 548 F.2d 271, 275 (9th Cir. 1977). No question about competence to plead guilty was raised in this case.

■ The issue, then, is whether the evidence before the trial court at the Rule 11 proceeding conclusively shows that the judge could have had no good faith doubt about Spikes' competence to plead guilty. If such a doubt could exist, the judge must hold, *sua sponte*, an evidentiary hearing on that issue. If the evidence before the court excludes any such doubt, the habeas petition was properly dismissed without a hearing. We have examined the record.[1] It shows conclusively that the trial judge could have had no good faith doubt that Spikes was competent to plead guilty.

1. Petitioner has moved to strike from the record in this appeal a transcript of the Rule 11 hearing because it was not before the trial judge. We find, however, no basis for excluding it. The trial judge indicated an accurate memory of the various stages of the case, and a rejection of the transcript at this time would simply prolong these proceedings for additional pointless paper shuffling in the district court and in this court.

The trial court at the Rule 11 hearing questioned Spikes and his attorney carefully. The court explained to Spikes the alternatives to pleading guilty. The court asked Spikes if he understood the consequences of his plea. Spikes said he did. The court went to some length to satisfy itself that Spikes understood what had happened on the day of his arrest (which was somewhat unclear),[2] and that Spikes understood what he was doing by pleading guilty.

The trial court also was fully aware of the evidence adduced at an earlier proceeding. The judge had ordered comprehensive examinations by three experts at the first proceeding because Spikes' brain surgery had raised a question of competence to stand trial. The three experts were unanimous in their opinions that that operation had had no adverse effect on Spikes' cognitive ability: "No evidence of impaired mentation"; "No sign of any thought content or process disorder"; "Mentally competent"; "In the average group with respect to intelligence"; "Alert, clear, cooperative in all regards."

■ The difficulty arises in this case because the Rule 11 judge who took evidence for the purpose of determining fitness to stand trial, later allowed that evidence to spill over into an inquiry for a second purpose, fitness to plead guilty. Such expert evidence is not always interchangeable. See Sieling v. Eyman, 478 F.2d at 214–215 (9th Cir. 1973). We reaffirmed this point only recently. de Kaplany v. Enomoto, 540 F.2d 975, 985 (9th Cir. 1976) (en banc), cert. denied, 429 U.S. 1075, 97 S.Ct. 815, 50 L.Ed.2d 793 (1977). But see, Comment, Competence to Plead Guilty: A New Standard, 1974 Duke L.J. 149, 168–174 (1974). It is not interchangeable because the stan-

dard to plead guilty is different from the standard to stand trial.

■ The standard of competence to stand trial is the ability to understand the nature of the proceedings in which one is engaged and to assist in one's defense. United States v. Clark, 617 F.2d 180, 185 (9th Cir. 1980).

The standard for guilty pleas is the following:

"A defendant is not competent to plead guilty if a mental illness has substantially impaired his ability to make a reasoned choice among the alternatives presented to him and to understand the nature of the consequences of his plea." Sieling v. Eyman, 478 F.2d at 215, quoting Schoeller v. Dunbar, 423 F.2d 1183, 1194 (9th Cir.), cert. denied, 400 U.S. 834, 91 S.Ct. 69, 27 L.Ed.2d 66 (1970).

The trial court at the habeas proceeding indicated that it believed the two standards were identical. The court measured the evidence adduced at the Rule 11 proceeding according to the standard governing competence to stand trial. This was error, but not fatal error.[3] We have before us the record of the Rule 11 proceeding, and upon review have satisfied ourselves that it conclusively shows that Spikes was competent to plead guilty.

The habeas petition was properly dismissed. No hearing was necessary.

Affirmed.

2. At the Rule 11 hearing, Spikes indicated that he did not remember much about the shooting. This lack of memory was consistent with the earlier medical evidence about retrograde amnesia. There was, however, no doubt that Spikes knew what he was doing when he bargained for a plea to the two counts and the dismissal of the other three.

3. The trial court could have saved considerable judicial time and energy by making an express

finding that Spikes was "Sieling competent" before receiving the guilty plea at the Rule 11 proceeding. But the failure to make such an express finding does not amount to a denial of due process. Chapman v. California, 386 U.S. 18, 87, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); United States v. Valle–Valdez, 554 F.2d 911 (9th Cir. 1977). The record of the Rule 11 proceeding indicates that a finding of "Sieling competence" was implicitly made.