951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wade JONES, Defendant-Appellant.
 No. 88-1443.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1991.*
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, and SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wade Jones appeals his conviction following a guilty plea to conspiracy to distribute cocaine and possession and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. Jones contends that the district court erred by denying his motion to withdraw his plea without holding an evidentiary hearing because head injuries he received during his arrest rendered him mentally incompetent to plead guilty. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion the district court's denial of a Fed.R.Crim.P. 32(d) motion to withdraw a guilty plea. United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990).
 
 
 4
 A defendant has no right to withdraw his guilty plea and bears the burden of showing a fair and just reason for withdrawal. United States v. Castello, 724 F.2d 813, 814 (9th Cir.), cert. denied, 467 U.S. 1254 (1984). A district court is entitled to credit sworn testimony offered at a Fed.R.Crim.P. 11 hearing over subsequent, conflicting statements made with regard to entry of a guilty plea. Id. at 815. We review the evidence presented at the Rule 11 hearing to determine if it was "such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence." Chavez v. United States, 641 F.2d 1253, 1256 (9th Cir.1981). If this evidence shows that the district court could have had a good faith doubt about the defendant's competence to plead guilty, then the district court must, sua sponte, hold an evidentiary hearing on the issue of competence. Spikes v. United States, 633 F.2d 144, 145 (9th Cir.1980). Furthermore, to be considered competent to enter a guilty plea, the defendant must have the "ability to make a reasoned choice among the alternatives presented to him and to understand the nature of the consequences of his plea." Id. at 146 (citations omitted).
 
 
 5
 Here, the following colloquy occurred between Jones and the judge accepting his plea at the August 12, 1987 Rule 11 hearing:
 
 
 6
 THE COURT: You agree with the doctor's finding that you are able to go ahead with this plea?
 
 
 7
 JONES: I believe so.
 
 
 8
 THE COURT: You feel you are able to think about what it means to plead guilty?
 
 
 9
 JONES: I know what it is to plead guilty, yes, sir.
 
 
 10
 THE COURT: Do you feel that your pains and your other discomfort and the drugs, do they make it difficult for you to think about this guilty plea and to think about making the decision to plead guilty? Do they create difficulty in your mind to come to grips with the problem?
 
 
 11
 JONES: In some ways, you know, I mean, I don't want to say yes or no to anything until I know that's what I want to say yes or no to. I am just trying to figure out exactly what you are asking. I believe you're asking basically am I mentally competent.
 
 
 12
 THE COURT: Yes.
 
 
 13
 JONES: To make a decision.
 
 
 14
 THE COURT: Yes.
 
 
 15
 JONES: I think I am mentally competent.
 
 
 16
 THE COURT: I think anybody who could put the question that well certainly ought to be regarded as mentally competent.
 
 
 17
 (RT 8/12/87 at 10-12).
 
 
 18
 At the Rule 11 hearing, the district court also was informed that a psychiatric evaluation of Jones in June 1987, indicated that he was competent to enter a plea. Moreover, Jones's attorney stated that he believed Jones was competent to enter a plea. Finally, at the end of the Rule 11 hearing, the district judge stated:
 
 
 19
 Court having questioned the defendant and his counsel at some length, probably close to one hour, and having observed his demeanor and attitude and considered his educational and employment background, finds that the defendant understands the nature of the charges against him and the penalties he faces, and that he admits the misconduct charged. The court has given particular consideration to the question of defendant's competence, and based on the questions and answers, the court is satisfied that the defendant is mentally competent, that he understands what's going on, that although his mental processes may be somewhat slow and at times he may lose his train of thought, he is able to return to it, and the answers that he gives indicate to the court that he is a very intelligent person who is able to deal with the issues he has to deal with in order to enter this plea.
 
 
 20
 (Id. at 38-39).
 
 
 21
 We conclude that the psychiatric information presented to the district court, combined with Jones's statements at the Rule 11 hearing, was not such evidence as would cause a reasonable judge to entertain a good faith doubt as to Jones's ability to a make a reasoned choice among the alternatives presented and to understand the consequences of his plea. See Spikes, 633 F.2d at 146. Accordingly, the district court did not abuse its discretion by denying Jones's motion to withdraw his guilty plea without holding an evidentiary hearing. See id.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3