979 F.2d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony Joseph YOKLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
Anthony Joseph YOKLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 91-10149, 91-15741 and 91-15622.*
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1992.
Decided Nov. 16, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Joseph Yokley, who has a long history of psychiatric illness, pleaded guilty to federal counterfeiting charges in two separate criminal proceedings in District Courts for the Eastern District of California and the Northern District of California. The Eastern District sentenced Yokley to eight years. The Northern District sentenced Yokley to ten years to run concurrently with the eight-year Eastern District sentence. Yokley now appeals (1) the denial of a motion to vacate the sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of California, (2) the denial of a motion to vacate the sentence pursuant to 28 U.S.C. § 2255 in the Northern District of California, and (3) the denial of a motion for modification of sentence under Fed.R.Crim.P. 35 in the Northern District of California.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We now affirm the two denials of motions brought pursuant to 28 U.S.C. § 2255. We reverse the denial of the motion brought under Rule 35 and remand for resentencing in the Northern District of California.
 
 I. Background
 
 4
 A. Eastern District of California (No. 91-15622)
 
 
 5
 On July 9, 1897, Yokley was indicted for violation of 18 U.S.C. § 511, passing a counterfeited security, in the Eastern District of California. On August 13, 1987, Yokley's counsel requested that Yokley be evaluated pursuant to 18 U.S.C. § 4241(a) to determine his competency to stand trial. At a hearing on October 19, 1987, Judge Robert E. Coyle found that Yokley was incompetent to stand trial. Pursuant to 18 U.S.C. § 4241(d)(1), Judge Coyle committed Yokley for a maximum of 120 days to the custody of the Attorney General at Terminal Island, California to determine whether there was a substantial probability that Yokley would become competent in the foreseeable future.
 
 
 6
 Two additional competency hearings were subsequently held on April 18 and October 24, 1988. After each of these hearings, Judge Coyle determined that Yokley continued to be incompetent to stand trial, but that there was a substantial probability that with additional treatment Yokley would become competent within another 120-day period. As a result, Judge Coyle committed Yokley to the Attorney General for further evaluation and treatment pursuant to 18 U.S.C. § 4241(d)(2)(A) by orders dated May 20, 1988 and October 26, 1988.
 
 
 7
 In late 1988, Yokley was transferred to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri following the closure of the Terminal Island facility.
 
 
 8
 On May 11, 1989, Judge Coyle found that Yokley was not likely to become competent to stand trial in the foreseeable future and committed him to the custody of the Attorney General at the Springfield facility for further action pursuant to 18 U.S.C. § 4246.
 
 
 9
 Three months later, in August 1989, Yokley filed a federal habeas petition in the Western District of Missouri challenging his detention in the Springfield facility. On October 23, 1989, while the Missouri habeas petition was pending, the chief of psychiatry at the Springfield facility determined that Yokley was competent to stand trial. The warden of the Springfield facility requested and received permission from the Missouri district court to return Yokley to the jurisdiction of the Eastern District of California. The Missouri habeas petition was thereafter dismissed.
 
 
 10
 At a hearing before Judge Coyle on December 14, 1989, Yokley, represented by counsel, pleaded guilty to one count of counterfeiting pursuant to 18 U.S.C. § 511. On February 20, 1990, Judge Coyle sentenced Yokley to eight years in prison with credit given for time that he spent in the custody of the Attorney General pursuant to 18 U.S.C. §§ 4241 and 4246.
 
 
 11
 Yokley subsequently brought a motion under Rule 35 requesting a reduction in his sentence, which Judge Coyle denied. He brought, but later abandoned, an appeal to this court of the denial of the Rule 35 motion.
 
 
 12
 Yokley brought a motion to vacate the sentence pursuant to 28 U.S.C. § 2255, which Judge Coyle denied on April 12, 1990. Yokley appeals Judge Coyle's denial.
 
 
 13
 Yokley did not directly appeal the entry of his guilty plea or his sentence.
 
 
 14
 B. Northern District of California (Nos. 91-15741 & 91-10149)
 
 
 15
 On July 15, 1987, Yokley was indicted in the Northern District of California for violation of 18 U.S.C. § 511. On April 26, 1990, Yokley appeared with counsel before Judge John P. Vukasin, Jr., of the Northern District of California and pleaded guilty to one count of violation of 18 U.S.C. § 511, possession and uttering of counterfeit cashier's checks. During the hearing, Judge Vukasin questioned Yokley and his defense counsel about Yokley's understanding of the proceedings and the voluntariness of his guilty plea pursuant to Fed.R.Crim.P. 11.
 
 
 16
 On June 27, 1990, Yokley appeared with counsel, Charles F. Bourdon, before Judge Vukasin for sentencing. During the sentencing hearing Bourdon raised ten factual inaccuracies in the Presentence Investigation Report. One of these inaccuracies was that Yokley had been involved in counterfeiting schemes for twenty years. Another involved Yokley's contention that he had not been convicted of all of the offenses listed in the report under prior criminal history. Presumably in response to these objections, Judge Vukasin made the following inquiry:
 
 
 17
 The Court: Thank you. I meant to ask the probation officer a little while ago after Mr. Bourdon [Yokley's counsel] read off the sections that Mr. Yokley had pointed out and was pertaining to your report, your report indicates that the prior record set forth in the report is a result of information you received from sources at the Federal Bureau of Investigation, California Identification and Investigation, California Department of Motor Vehicles, Police Department, the Presentence Report completed by the Eastern District of California; is that correct?
 
 
 18
 Ms. Sellinger [probation officer]: Yes, sir.
 
 
 19
 The Court: So you have taken your information either from the law enforcement agency records or from court records?
 
 
 20
 Ms. Sellinger: Yes, sir.
 
 
 21
 The Court: Thank you.
 
 
 22
 Judge Vukasin later made the following statement when sentencing Yokley:
 
 
 23
 The Court: ... Mr. Yokley had a lengthy criminal record which consists of both economic and violent crimes. He has served two prior prison terms. He presently has two cases pending. The defendant has admitted a 20-year history of participating in counterfeit schemes. Based on his prior record and the sophisticated nature of the instant offense, it appears to the court that a lengthy prison sentence is appropriate.
 
 
 24
 Judge Vukasin sentenced Yokley to ten years to run concurrently with the eight-year sentence given Yokley by Judge Coyle in the Eastern District proceedings.
 
 
 25
 Yokley subsequently filed a motion under Rule 35 requesting a reduction in the sentence. Judge Vukasin denied the motion on March 5, 1991. Yokley also filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255, which Judge Vukasin also denied. Yokley appeals the denial of his Rule 35 motion and the denial of his 28 U.S.C. § 2255 motion.
 
 
 26
 Yokley did not directly appeal the entry of his guilty plea or his sentence.
 
 II. Discussion
 
 27
 A. Review of the Eastern District's Denial of Motion Pursuant to 28 U.S.C. § 2255 (No. 91-15622)
 
 
 28
 We review the district court's denial of a section 2255 motion de novo. U.S. v. Bigman, 906 F.2d 392, 394 (9th Cir.1990). We review any factual finding made by the district court for clear error. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991).
 
 
 29
 Yokley challenges the denial of his section 2255 motion in the Eastern District on two grounds. First, Yokley contends that in the proceedings pursuant to 18 U.S.C. § 4241, Judge Coyle was without authority to commit Yokley to more than two 120-day periods of detention and evaluation. Consequently, Yokley contends that Judge Coyle's order of October 26, 1988 recommitting Yokley to the Attorney General's custody at Terminal Island, California was illegal. Yokley further contends that Judge Coyle's order of May 11, 1989 that returned Yokley to Springfield pursuant to 18 U.S.C. § 4246 was also illegal. Yokley concludes that the court's alleged failure to comply with the requirements of 18 U.S.C. §§ 4241 and 4246 renders his subsequent guilty plea "null and void."
 
 
 30
 Yokley also challenges the denial of his section 2255 motion because he alleges that at the sentencing hearing on February 20, 1990 Judge Coyle considered materials that were unreliable and unavailable to the defendant or his counsel.
 
 
 31
 Yokley did not challenge his commitment pursuant to 18 U.S.C. §§ 4241 and 4246 at his plea or sentencing hearings. Moreover, Yokley did not bring a direct appeal of the entry of his plea or his sentencing. If a defendant fails to raise an issue at trial or on direct appeal, he or she must show cause excusing the procedural default and actual prejudice resulting from the alleged error to prevail under section 2255. United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985).
 
 
 32
 Yokley has made no showing of cause excusing his failure to raise these issues at his plea and sentencing hearings or on direct appeal. Nor has Yokley established that he suffered actual prejudice as a result of the alleged errors. Indeed, Yokley cannot make a showing of actual prejudice because his arguments are without merit.
 
 
 33
 We are aware of no authority, and Yokley cites none, that supports the proposition that a failure to follow the procedures pursuant to 18 U.S.C. §§ 4241 and 4246 renders a guilty plea null and void. Yokley does not contend that Judge Coyle's determination that Yokley was competent to plead guilty was invalid or that his plea was not knowing and voluntary. Moreover, Yokley was given credit at his sentencing hearing for the time he spent in the Attorney General's custody. Therefore, he suffered no prejudice.
 
 
 34
 Yokley's allegations that at the sentencing hearing Judge Coyle considered unreliable information and materials that were not made available to the defendant are completely unsubstantiated.
 
 
 35
 B. Review of the Northern District's Denial of Motion Pursuant to 28 U.S.C. § 2255 (No. 91-15741)
 
 
 36
 Yokley contends that he is entitled to relief under section 2255 in the Northern District because Judge Vukasin should have ordered a hearing into Yokley's competency to enter a guilty plea at the plea hearing.
 
 
 37
 Yokley did not raise this issue on direct appeal. Therefore, as we stated above, Yokley cannot prevail under section 2255 without first showing cause for his procedural default and actual prejudice for the alleged error. Yokley has shown neither cause nor prejudice.
 
 
 38
 Yokley cannot establish prejudice for Judge Vukasin's alleged error because his arguments on this issue lack merit as well. If the question of a defendant's competency is not raised at the plea hearing, the court need not order a hearing sua sponte unless the court has a good faith reason to doubt the defendant's competence to plead guilty. Spikes v. United States, 633 F.2d 144, 145 (9th Cir.1980), cert. denied, 450 U.S. 934 (1981). We have reviewed the transcript of the plea hearing and conclude that no question was raised as to Yokley's competence to plead guilty.
 
 
 39
 Judge Vukasin questioned both Yokley and his counsel about Yokley's understanding of the proceedings and the voluntariness of his plea. Notwithstanding Yokley's psychiatric history, Yokley's answers, appearance and demeanor at the plea hearing raised no doubt that he was mentally competent to enter a knowing and voluntary guilty plea. Judge Vukasin did not err by failing to hold, sua sponte, a competency hearing before accepting Yokley's guilty plea. Therefore, Yokley cannot establish that he has suffered prejudice as a result.
 
 
 40
 Yokley also contends that Judge Vukasin should have ordered a competency hearing in response to Yokley's section 2255 motion. Because the record conclusively reveals that Yokley is not entitled to relief under 28 U.S.C. § 2255, Judge Vukasin properly denied Yokley's motion without a hearing. Spikes v. United States, 633 F.2d at 145.
 
 
 41
 C. Review of the Northern District Denial of Motion Under Rule 35 (No. 91-10149)
 
 
 42
 Yokley challenges the denial of his Rule 35 motion in the Northern District because Judge Vukasin failed to make findings in response to objections to the Presentence Investigation Report raised by his counsel at the sentencing hearing on June 27, 1990.
 
 
 43
 "The district court's ruling on a Rule 35 motion is reviewed for illegality or gross abuse of discretion." United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990). Yokley raised in his Rule 35 motion Judge Vukasin's noncompliance with Fed.R.Crim.P. 32(c)(3)(D).[1] In denying Yokley's Rule 35 motion, Judge Vukasin stated that Yokley did not identify any specific factual errors in the Presentence Investigation Report, but rather that Yokley made conclusory allegations of error that were insufficient to challenge the district court's sentence. However, at the sentencing hearing, Yokley's counsel listed ten factual inaccuracies in the Presentence Investigation Report. Under Rule 32(c)(3)(D) Judge Vukasin was required either to make a specific finding regarding each of the factual inaccuracies or state that he did not rely on any of the disputed facts in sentencing.
 
 
 44
 Judge Vukasin did not make explicit findings of fact regarding any of the ten inaccuracies listed by defense counsel nor did he state that he would not rely upon any of the disputed matters. In fact, Judge Vukasin explicitly relied on a fact that Yokley stated was inaccurate--that he had a twenty-year history in counterfeiting schemes.
 
 
 45
 This circuit requires strict compliance with Rule 32(c)(3)(D). United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc).[2] We held in Fernandez-Angulo
 
 
 46
 that when the defendant challenges the factual accuracy of any matters contained in the presentence report, the district court must, at the time of sentencing, make the findings or determinations required by Rule 32. If the district court fails to make the required findings or determinations, the sentence must be vacated and the defendant resentenced.
 
 
 47
 Id.
 
 
 48
 Because Judge Vukasin failed to resolve the disputed factual matters raised by Yokley at the sentencing hearing or state that the contested factual matters would not be taken into account in sentencing the defendant, we reverse the denial of Yokley's Rule 35 motion and remand the case for resentencing in the Northern District pursuant to our opinion in Fernandez-Angulo.[3]
 
 V. Conclusion
 
 49
 The denial of Yokley's motion pursuant to 28 U.S.C. § 2255 in the district court of the Eastern District of California is AFFIRMED. The denial of Yokley's motion pursuant to 28 U.S.C. § 2255 in the district court for the Northern District of California is AFFIRMED. The denial of Yokley's motion under Rule 35 in the district court for the Northern District of California is REVERSED and the case is REMANDED for resentencing.
 
 
 
 *
 This case is an appeal from the United States District Court for the Eastern District of California, Robert E. Coyle, District Judge, Presiding
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 32(c)(3)(D) in effect for crimes committed prior to November 1, 1987 states:
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.
 
 
 [2]
 The court in Fernandez-Angulo was governed by Rule 32(c)(3)(D) as it applies to offenses committed after November 1, 1987. The text of the more recent Rule is identical to the prior Rule except that "or the Parole Commission" is deleted from the last sentence
 
 
 [3]
 Rule 32(c)(3)(D) also requires that the district court attach its findings to the Presentence Investigation Report before transmitting it to the Bureau of Prisons