86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Anthony BARNES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-55808.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1996.*
Decided May 22, 1996.
 
 Before: GIBSON,** NOONAN, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 John Anthony Barnes appeals the district court's dismissal of his fourth habeas corpus petition,[1] in which he seeks relief based on his asserted incompetency to plead guilty to two counts of committing unarmed bank robbery in violation of 18 U.S.C. § 2113(a) (1994). We affirm the district court's denial of the writ.
 
 I. BACKGROUND
 
 3
 In July of 1987, Barnes began robbing financial institutions to finance his severe drug addiction. His short-lived crime spree ceased barely one month later, however, when he was apprehended by law enforcement authorities. On July 25, 1988, in exchange for the Government's agreement to drop additional charges against him, he pleaded guilty in federal court to two counts of unarmed bank robbery. Barnes's offenses predated the enactment of the Federal Sentencing Guidelines, and the district judge, emphasizing Barnes's numerous prior convictions and his repeated failure to control his narcotics habit, sentenced him to concurrent fifteen year terms of imprisonment.
 
 
 4
 In September of 1990, health services personnel at Barnes's penitentiary referred him to Dr. Clayton Pettipiece, a psychiatrist. Barnes complained to Dr. Pettipiece that he had been suffering from severe depression for the previous eleven months. Though Barnes in the past had experienced bouts of depression, he indicated that those episodes were "not as bad" as his current melancholy. Dr. Pettipiece diagnosed Barnes as suffering from bipolar disorder and prescribed appropriate medication.
 
 
 5
 Barnes initiated this, his fourth, habeas corpus action on December 29, 1992. In his petition, Barnes maintains that, due to the depression caused by his bipolar disorder, he was incompetent in 1988 to plead guilty to the charges against him. In addition, Barnes moved the court, pursuant to 18 U.S.C. § 3006A(e) (1994), to authorize funds for the appointment of a psychiatrist to examine his medical and psychiatric records. Barnes sought this review so that the expert could form an opinion as to whether he was, indeed, competent when he pleaded guilty. The district court refused to authorize funds for a psychiatrist and dismissed Barnes's habeas petition.
 
 
 6
 In this appeal, Barnes essentially contends that the district court committed error by: (1) dismissing his habeas petition without conducting an evidentiary hearing; and (2) denying his § 3006A(e) request for appointment of an expert. We affirm the district court's decision.
 
 II. DISCUSSION
 
 7
 A. Failure to Conduct an Evidentiary Hearing
 
 
 8
 We review de novo a district court's dismissal of a habeas corpus petition. Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1995), cert. denied, 116 S.Ct. 718 (1996). We will reverse for a refusal to hold an evidentiary hearing, however, only if the district court abused its discretion. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). A district court need not hold a hearing on a petition for habeas corpus "if the motion, the records, and the files of the case conclusively show that the prisoner is entitled to no relief."[2] Spikes v. United States, 633 F.2d 144, 145 (9th Cir.1980), cert. denied, 450 U.S. 934 (1981).
 
 
 9
 The due process guarantees of the United States Constitution prohibit the conviction of an incompetent defendant. Flugence v. Butler, 848 F.2d 77, 79 (5th Cir.1988). An individual is competent to plead guilty if he has " 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.' " Godinez v. Moran, 113 S.Ct. 2680, 2685 (1993) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam)). To succeed on a substantive attack against his competence to plead guilty,[3] a habeas petitioner faces the onerous burden of showing by a preponderance of the evidence that he was actually incompetent at the time of his plea. James v. Singletary, 957 F.2d 1562, 1571 (11th Cir.1992); see also McKinney v. United States, 487 F.2d 948, 949 (9th Cir.1973).
 
 
 10
 Based on our independent review of Barnes's habeas petition and the materials submitted to the district court, we are convinced he has altogether failed to raise even the slightest inference that he was incompetent to plead guilty. Barnes entered federal custody on May 20, 1988 and pleaded guilty on July 25 of that year, yet prison medical records reveal that he did not seek counseling or medication for any psychological disorder until August 31, 1990. At that time, over two years after the entry of his guilty pleas, he complained that he had been suffering from severe depression for the past eleven months. Thus, even in the extremely unlikely event that Barnes's bipolar disorder could have detracted from his competence to meaningfully participate in the criminal proceedings against him,[4] relevant evidence, including Barnes's own statements, show that he did not experience the most chronic manifestations of that malady until well after his convictions.
 
 
 11
 It is documented that around the time of Barnes's plea he mentioned his periodic depressive episodes to various persons, including his lawyer and the probation officer who prepared his presentence report. Nonetheless, it seems to us perfectly natural that a person in Barnes's position, who had spent most of his adult life in jail and who faced an additional substantial prison term, should feel somewhat chagrined. Moreover, though we recognize that the opinions of laypersons are not dispositive on this issue, it is significant that neither Barnes's attorney nor the judge who accepted his plea questioned his competency. See, e.g., United States v. Clark, 617 F.2d 180, 186 n. 11 (9th Cir.1980) ("The fact that [the criminal defendant's] attorney apparently considered him competent is significant evidence that he was competent.").
 
 
 12
 Furthermore, where, as here, the district judge who passes upon the habeas petition is the same judge who presided over the criminal proceedings against the petitioner, we would be especially reluctant to question his resolution of the collateral attack upon competency. See McKinney, 487 F.2d at 950 ("[I]ncreased deference to the trial court's judgment is warranted when he has the trial transcript before him and is able to rely upon his own observations of the defendant at the time of the trial."). In light of the considerations discussed above, and for the additional reasons mentioned in the district judge's order denying the writ, see E.R. at 521-22, we are confident that the totality of materials before the trial court conclusively showed that Barnes was not entitled to relief. Because the incompetency claim raised in Barnes's habeas petition is plainly frivolous, the district court did not abuse its discretion when it denied the writ without holding an evidentiary hearing. See Bell v. United States, 269 F.2d 419, 420-21 (9th Cir.1959) (suggesting that a hearing is not necessary where a habeas petitioner raises a "plainly frivolous" claim of incompetency).
 
 
 13
 B. Refusal to authorize the appointment of a psychiatrist
 
 
 14
 Pursuant to 18 U.S.C. § 3006A(e), counsel for an indigent habeas petitioner may in an ex parte application request the district court to authorize the expenditure of funds for expert services. Approval of the expense is mandatory where the district court is satisfied that "the services are necessary and that the person is financially unable to obtain them." 18 U.S.C. § 3006A(e)(1) (1994). The appointment of a psychiatrist under § 3006A(e) is within the district court's discretion. United States v. Valtierra, 467 F.2d 125, 126 (9th Cir.1972).
 
 
 15
 The district court's denial of a § 3006A(e) request will not mandate reversal unless the habeas petitioner: "(1) establishes that reasonably competent retained counsel would have required the requested services for a habeas petitioner who could pay for them, and (2) demonstrates by clear and convincing evidence that the defense was prejudiced by the [court's refusal to appoint a psychiatrist]." Bonin, 59 F.3d at 837. Barnes has not satisfied either of these criteria. Because Barnes's incompetency claim is clearly without merit, we cannot say that the district court abused its discretion when it refused to appoint a psychiatrist. Cf. Lawson v. Dixon, 3 F.3d 743, 753 (4th Cir.1993) (approving the district court's refusal to appoint a psychiatrist where the habeas petitioner was not entitled to an evidentiary hearing on his competency claim), cert. denied, 114 S.Ct. 1208 (1994).
 
 III. CONCLUSION
 
 16
 We affirm the district court's dismissal of Barnes's petition for habeas corpus.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In affirming the district court's dismissal of Barnes's third habeas petition, we stated that a subsequent petition founded upon his competency to plead guilty would not be successive
 
 
 [2]
 We conclude that the general prerequisites for determining the necessity of an evidentiary hearing, which track the language of the relevant habeas corpus statute, are adequate to cover claims of incompetence. See 28 U.S.C. § 2255 (1994). Accordingly, we decline the Government's invitation to adopt a more rigorous standard applicable specifically to these claims. Cf. James v. Singletary, 957 F.2d 1562, 1573 n. 17 (11th Cir.1992) (questioning the need for a separate standard to govern incompetency claims)
 
 
 [3]
 Barnes's petition does not raise the related, but distinct, procedural claim that the district judge who accepted his plea should sua sponte have conducted a competency hearing. See James, 957 F.2d at 1571-72 (explaining in detail the difference between a substantive challenge to competency and a procedural claim based on Pate v. Robinson, 383 U.S. 375 (1966)). Also, Barnes does not allege that his plea was anything other than knowing and voluntary. See Godinez, 113 S.Ct. at 2687-88 (stating that a trial court must determine not only that a defendant is competent to plead guilty, but also that the plea is knowing and voluntary). To the extent that Barnes might later argue that his petition did assert these grounds for relief, we adjudge that neither of these alternative attacks upon his plea has merit
 
 
 [4]
 Dr. Pettipiece, who diagnosed Barnes with bipolar disorder and observed him during the most severe bouts of depression the prisoner had ever encountered, stated by affidavit:
 Despite the depression, Mr. Barnes appeared to be in command of his faculties, able to speak and converse intelligently. Mr. Barnes exhibited rational thought and the ability to comprehend the conversation, my questions and the situation. Mr. Barnes appeared able to make rational decisions and to understand the nature and consequences of his actions. I believe that Mr. Barnes was competent at the time of my initial and subsequent examinations.... Generally, individuals suffering from depressive disorders are still able to comprehend and evaluate options and are able to understand the nature and consequences of their actions. Depressive disorders do not usually include thought disorders.
 E.R. at 232.