**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Mauricio LIMON–ROBLES,**
**Defendant—Appellant.**

Nos. 03–10586, 04–15201, 04–17078.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2006.

Decided Jan. 19, 2006.

Serra Marie Tsethlikai, Susan Via, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, Bruce M. Ferg, Esq., for Plaintiff–Appellee.

Brian I. Rademacher, Esq., Deirdre M. Mokos, Esq., FPDAZ—Federal Public Defender's Office (Tucson), Tucson, AZ, for Defendant–Appellant.

Before: TASHIMA, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Mauricio Limon–Robles, a native and citizen of Mexico, was convicted in 1999 of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

conspiracy to possess and possession of marijuana. He served his sentence of a year and a day and was deported to Mexico. In 2002, he was arrested for illegal reentry. Prior to sentencing on the new charge, he filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his 1999 conviction on the ground that he had been a juvenile in 1999, and thus that his conviction as an adult was invalid. The district court held an evidentiary hearing and determined that Limon–Robles had not met his burden of showing that he had been a juvenile in 1999. We affirm.

The denial of a § 2255 motion is reviewed de novo and the district court's findings of fact are reviewed for clear error. *United States v. Alvarez–Tautimez,* 160 F.3d 573, 575 (9th Cir.1998); *Campbell v. Wood,* 18 F.3d 662, 681 (9th Cir.1994) (en banc).

When Limon–Robles filed his § 2255 motion, the district court recognized that under the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031 *et seq.,* "federal courts have no jurisdiction over certain prosecutions for acts of juvenile delinquency unless the cases have been certified for prosecution by the Attorney General or his specified representatives[.]" *United States v. Ceja–Prado,* 333 F.3d 1046, 1047 (9th Cir.2003). Accordingly, the district court held an evidentiary hearing. At the hearing, Limon–Robles had the burden of proof by a preponderance of the evidence with respect to any factual disputes. 28 James Wm. Moore et al., MOORE'S FED. PRAC. § 672.10[3] (3d. ed.2005); *see McKinney v. United States,* 487 F.2d 948, 949 (9th Cir.1973).

Limon–Robles presented a Mexican birth certificate indicating that he was born on September 22, 1981. In addition, his mother testified that she registered

Limon–Robles a week after his birth. The certificate, however, indicated that it was recorded in June 13, 1983, over twenty months after the alleged birth date.

The government presented evidence that in 1999, Limon–Robles had told the special agent who arrested him that his birth date was March 14, 1976. The agent specifically recalled this statement because his son has the same birth date. Although Limon–Robles argued that he did not consistently and repeatedly give March 14, 1976, as his birth date, the record shows that this date originated with Limon–Robles, and that he did not question this date until he filed his § 2255 motion in 2003. The government also presented the testimony of a probation officer that in an interview in 1999, Limon–Robles told her that he first used alcohol when he was twenty, started using marijuana when he was seventeen, and had used cocaine when he was twenty. In addition, the attorney who represented Limon–Robles in 1999 testified that he had no suspicion that Limon–Robles was a juvenile.

[1] The district judge, who had also presided over Limon–Robles' plea in 1999, concluded that Limon–Robles had not carried his burden of proving by a preponderance of the evidence that he was in fact a juvenile in 1999. We find no clear error in this determination. It does not leave us with a " 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " *United States v. Schlette,* 842 F.2d 1574, 1577 (9th Cir.1988) (quoting *Barona Group of the Capitan Grande Band of Mission Indians v. Am. Mgmt. & Amusement, Inc.,* 824 F.2d 710, 724 (9th Cir.1987)), *amended on other grounds,* 854 F.2d 359 (9th Cir.1988).

of this circuit except as provided by 9th Cir. R. 36–3.

■ Following the denial of his § 2255 motion and sentencing, Limon–Robles filed a motion for relief from judgment based on ostensibly newly discovered evidence. The new evidence was a copy of his birth certificate that had been certified and authenticated by the Mexican Consulate. The district court denied the motion, noting that the document had been admitted as evidence, and that the "certification does not change the character of the document and its admission in evidence would be cumulative."

The denial of a motion for reconsideration based on newly discovered evidence is reviewed for an abuse of discretion. *Far Out Prods., Inc. v. Oskar,* 247 F.3d 986, 992 (9th Cir.2001). The district court did not abuse its discretion in denying the motion for reconsideration. The court had accepted the birth certificate for what it was: an official document issued in June 1983 commemorating Limon–Robles' mother's representation that he was born in Spetember 1981. The certified birth certificate did not offer any independent or collaborative evidence of the representations set forth in the certificate.

As we affirm the district court's denial of Limon–Robles' § 2255 motion and motion for reconsideration on their merits, we do not reach the alternate ground for affirmance advanced by the government.

The revocation of Limon–Robles' supervised release, his conviction and sentence for illegal reentry, and the denial of his motion for reconsideration are AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.